IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| JUAN CARLOS ALANIZ | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CA 2:19-cv-24 |
| | § | |
| CHESAPEAKE ENERGY CORPORATION; | § | |
| AND JESUS ARTIAGA | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT CHESAPEAKE ENERGY CORPORATION'S NOTICE OF REMOVAL

Defendant, Chesapeake Energy Corporation files this Notice of Removal pursuant to 28 U.S.C. § 1441.

### I.   INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 365th Judicial District Court of Maverick County, Texas where this matter was pending under Cause No. 19-03-37121-MCVAJA, in a matter styled *Juan Carlos Alaniz, et al. v. Chesapeake Energy Corporation. and Jesus Artiaga.*

### II.   NATURE OF SUIT

2. This is a personal injury lawsuit arising from an incident which occurred on October 17, 2018, between Plaintiff and Defendant Artiaga. *See Plaintiff's Original Petition pg. 2 at Tab 1.*

### III.   TIMELINESS OF REMOVAL

3. Plaintiff commenced this matter by filing their Original Petition on March 19, 2019. Plaintiff's Original Petition asserted that Plaintiff's damages exceed $75,000.00. *See Plaintiff's' Original Petition pg. 5 at Tab 1.*

4.  Pursuant to 28 U.S.C § 1446(b)(1), this Notice of Removal is timely filed within 30 days after Defendant received a copy of an pleading, motion, order or other paper from which Defendant could ascertain that the case is now removable.

### IV. BASIS FOR REMOVAL JURISDICTION

5.  Removal is proper under 28 U.S.C. §§ 1441 and 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, the amount in controversy exceeds $75,000, and no *properly joined* Defendant is a citizen of the State of Texas.

#### A. Proper Parties

6.  According to Plaintiff's Petition, Plaintiff was, at the time of the filing of this action, resident of Texas.

7.  Defendant Chesapeake Energy Corporation. is now and was at the time of the filing of this action a Oklahoma corporation with its principal place of business in Oklahoma.

8.  Although Defendant Artiaga is alleged to now be and alleged to have been at the time of the filing of this action, a resident of Texas, he has not been served with citation. "[C]ourts have held, virtually uniformly, that . . . an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b).". *Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 U.S. Dist. LEXIS 142083, at 7 (N.D. Tex. 2015). The plain language of the forum-defendant rule prohibits removal on diversity grounds when a forum defendant is "properly joined and served." 28 U.S.C. § 1441(b)(2). The statute clearly provides that the citizenship of an unserved forum defendant should not be considered in determining whether the forum-defendant rule is satisfied. *Davis v. Cash*, No. 3:01-CV-1037-H, 2001 U.S. Dist. LEXIS 15546, 2001 WL 1149355, at 2 (N.D. Tex. Sept. 27, 2001). If a forum defendant is named in an action and a nonforum defendant wishes to remove, "the nonforum defendant must do so before

the [forum defendant] is served." *Carrs v. AVCO Corp.*, No. 3:11-CV-3423-L, 2012 U.S. Dist. LEXIS 74562, 2012 WL 1945629, at 1 and 2 (N.D. Tex. May 30, 2012) (denying remand).

### B. Amount In Controversy

9. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff seeks compensatory damages for medical expenses and other claims associated with his alleged personal injuries from the incident with Defendant Artiaga. Accordingly, and based on Plaintiff's Original Petition, it is "facially apparent" that Plaintiff's claim likely exceeds $75,000.00, which is all that is required to satisfy the amount-in-controversy requirement. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

### V. NOTICE IS PROCEDURALLY CORRECT

10. Defendant has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

    1.   A completed civil cover sheet;
    2.   A completed supplemental cover sheet; and
    3.   Index of all attachments, including a copy of the state-court docket sheet and a copy of each document filed in the State Court Action[1];

11. As noted in paragraph 8, *supra*, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because no properly joined and served Defendant are a citizen of Texas, the state in which the action was brought. This action is removable to this Court because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

---

[1] Defendant has requested a certified copy of the state court docket sheet. Defendant submitted their request in writing as the Maverick County District Court documents are not available online. In order to fully comply with this Court's local rules, Defendant has requested the issued citations for Defendants and the state court docket sheet; however, Defendant is still waiting on the documents from the Maverick County District Court. In an abundance of caution and due to removal deadlines, Defendant filed this Notice of Removal without the documentation, but will supplement as soon as the documents are received by Defendant from the state court.

12. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 365th Judicial District Court of Maverick County, Texas. DATED: May 22, 2019

        Respectfully submitted,

        **GAUNTT, KOEN, BINNEY & KIDD, L.L.P.**

        */s/ Karl W. Koen*
        **KARL W. KOEN**
        State Bar No.: 11652275
        *Karl.Koen@gkbklaw.com*

        **RACHEL R. VULPITTA**
        State Bar No. 24084789
        *Rachel.Vulpitta@gkbwklaw.com*

        14643 Dallas Parkway, Suite 500
        Dallas, Texas 75254
        (972) 630-4620
        (972) 630-4669 – Fax

        **ATTORNEYS FOR DEFENDANT**
        **CHESAPEAKE ENERGY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record pursuant to the Federal Rules of Civil Procedure, as indicated below, on this the 22nd day of May, 2019.

**Via ProDoc E-Serve**
Mr. Luis A. Elizondo
Mr. Christopher A. Garza
Gowan Elizondo, LLP
555 N. Carancahua, Suite 1400
Corpus Christi, Texas  78401
-and-
Rosaura "Wawi" Tijerina
1000 Washington Street, Suite 2
Laredo, Texas

                                            */s/ Karl W. Koen*
                                            **KARL W. KOEN**